UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TROY ALLEN LUKENS,

          Plaintiff,

    v.

PORTLAND POLICE BUREAU and
OFFICER AARON SCHMAUTZ, *et al*,

          Defendants.

Case No. 3:13-cv-00430 -ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

On March 13, 2013, plaintiff, Troy Lukens ("Lukens"), appearing *pro se*, filed an

Amended Complaint against the Portland Police Bureau, two Portland police officers (Aaron

Schmautz ("Schmautz") and Rashida Saunders[1]), the City of Portland, and the Multnomah

County Sheriff's Department,[2] alleging violations of his constitutional rights arising out of his

arrest on February 8, 2013.  That arrest took place two days after a judgment was entered against

Lukens, following a court trial, in an earlier lawsuit he had filed against Schmautz.  That lawsuit

alleged civil rights claims against Schmautz and the City of Portland based on an Schmautz's

---

[1]  The Amended Complaint names a "Jane Doe" defendant whom defendants identify as Officer Rashida Saunders. Defendants' Motion for Summary Judgment (docket #29), p. 2.

[2]  No Summons were issued and no Returns of Service were filed for Saunders, the City of Portland, or the Multnomah County Sheriff's Department, likely because they were not listed as defendants in the caption of the Amended Complaint.  The 120-day time limit for serving these defendants as set forth in FRCP 4(m) has expired.

1 – FINDINGS AND RECOMMENDATION

arrest of Lukens on March 20, 2010. *Lukens v. Portland Police Bureau, et al.*, Civil No. 3:11-cv-00827-MO (Judgment dated February 6, 2013 (docket #91)). Lukens alleges that his rights under the First, Fourth, and Fourteenth Amendments were violated because, after seeing and recognizing Lukens on the street, Schmautz searched for Lukens' name, found an arrest warrant for him, and then arrested Lukens' at his home. At that time, Lukens was in the middle of attempting to appeal from the judgment in his earlier lawsuit. Therefore, he alleges that Schmautz arrested him in retaliation for filing that earlier lawsuit and, with the aid of the Multnomah County Sheriff's Department, tried to keep him from filing the appeal.[3]

Lukens filed a Motion for a Temporary Restraining Order (docket #20), seeking to have the City of Portland enjoined from arresting him until the resolution of this case. Judge Marco Hernandez denied that request on September 11, 2013 (docket #27). A week later, on September 17, 2013, defendants filed a Motion for Summary Judgment (docket #29), seeking judgment in their favor against Lukens' claims and noting that Lukens had not responded to their multiple efforts to contact him to confer. The following day, this court issued a Summary Judgment Advice Notice and Scheduling Order (docket #33), advising Lukens of the standards governing summary judgment motions and giving him 30 days to respond to defendants' motion. Lukens has filed nothing in response.

## FINDINGS

This court has carefully reviewed defendants' submissions. Those submissions establish that Lukens was convicted on April 11, 2011, in the Multnomah County Circuit Court for the State of Oregon of six counts of Burglary in the Second Degree and sentenced to probation. Defendants' Ex. 1 (OJIN printout). Based on a various alleged violations of his conditions of

---

[3] Although the court granted Lukens' motion for an extension of time to March 29, 2013, to file a Notice of Appeal (docket #94), none was filed.

probation, the court signed an order for his arrest on January 25, 2013, and the clerk issued a "Bench Warrant (Probation Violation)" on January 30, 2013.  Defendants' Exs. 2-4.  After observing Lukens and confirming the existence of the arrest warrant for him on the police computer in Saunders' patrol car, Schmautz arrested Lukens.  Schmautz Aff., ¶¶ 3-5.  Based on those unrefuted facts, defendants argue that:

(1) Lukens was arrested pursuant to a valid arrest warrant, undermining:

(a) the "but for" causation requirements of any First Amendment claim, *Ford v. City of Yakima*, 706 F3d 1188, 1193-94 (9th Cir 2013);

(b) any violation of Lukens' due process rights, *Dixon v. City of Rockaway Beach*, 2006 WL 2729005, at *2 (D Or Sept. 22, 2006); and

(c) any lack of probable cause for his arrest, *United States v. Bueno-Vargas*, 383 F3d 1104, 1106-07 (9th Cir 2004), *cert denied*, 543 US 1129 (2005);

(2) the Portland Police Bureau cannot be sued separate and apart from the City of Portland under 42 USC § 1983, *White v. City of Portland*, 2008 WL 3836168, at *1 (D Or 2008); and

(3) his claims against the City of Portland fail because Lukens:

(a) has not identified any constitutional injury, *Pembaur v. City of Cincinnati*, 475 US 469, 479-80 (1986); and

(b) has cited nothing indicating that the City of Portland has failed to train its officers to conduct arrests pursuant to valid warrants, *Merritt v. County of Los Angeles*, 875 F2d 765, 770 (9th Cir 1989).

Defendants' points are all well-taken, and Lukens' claim should be dismissed with prejudice.

## RECOMMENDATION

Defendants' Motion for Summary Judgment (docket #29) should be GRANTED, and a judgment should be entered in favor of defendants and against Lukens.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, December 02, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED November 14, 2013.

s/ Janice M. Stewart

_____
Janice M. Stewart
United States Magistrate Judge